UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

BENITA MESA,                          )
                                      ) No. CV-11-3005-CI
          Plaintiff,                  )
                                      ) ORDER DENYING PLAINTIFF'S
v.                                    ) MOTION FOR SUMMARY JUDGMENT
                                      ) AND GRANTING DEFENDANT'S
MICHAEL J. ASTRUE,                    ) MOTION FOR SUMMARY JUDGMENT
Commissioner of Social                )
Security,                             )
                                      )
          Defendant.                  )
                                      )

     BEFORE THE COURT are cross-Motions for Summary Judgment.  ECF
No.  16, 22.  Attorney Thomas Bothwell represents Plaintiff Benita
Mesa;  Special  Assistant  United  States  Attorney  David  Blower
represents Defendant.  The parties have consented to proceed before
a magistrate judge.  ECF No. 6.  After reviewing the administrative
record  and  the  briefs  filed  by  the  parties,  the  court  **DENIES**
Plaintiff's  Motion  for  Summary  Judgment  and  directs  entry  of
judgment for the Defendant.

     Plaintiff protectively filed for disability insurance benefits
(DIB) and Supplemental Security Income (SSI) on October 12, 2006.
Tr. 105.  She alleged disability due to migraine headaches, asthma
and high blood pressure, with an onset date of October 11, 2006.
Tr. 105, 109.  Following a denial of benefits at the initial stage

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

1   and on reconsideration, a hearing was held before Administrative Law

2   Judge (ALJ) R. S. Chester on March 23, 2009.  Plaintiff, who was

3   represented by counsel, and vocational expert Daniel R. McKinney

4   testified.   Tr. 23-50. On April 14, 2009, ALJ Chester denied

5   benefits; review was denied by the Appeals Council on September 18,

6   2010.   Tr. 8-22, 1-3.   This appeal followed.   Jurisdiction is

7   appropriate pursuant to 42 U.S.C. § 405(g).

8                              **STANDARD OF REVIEW**

9        In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

10  court set out the standard of review:

11           A district court's order upholding the Commissioner's
         denial of benefits is reviewed *de novo*. *Harman v. Apfel*,
12       211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the
         Commissioner may be reversed only if it is not supported
13       by substantial evidence or if it is based on legal error.
         *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
14       Substantial evidence is defined as being more than a mere
         scintilla, but less than a preponderance.  *Id.* at 1098.
15       Put another way, substantial evidence is such relevant
         evidence as a reasonable mind might accept as adequate to
16       support a conclusion.  *Richardson v. Perales*, 402 U.S.
         389, 401 (1971).  If the evidence is susceptible to more
17       than one rational interpretation, the court may not
         substitute its judgment for that of the Commissioner.
18       *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of
         Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
19
20           The ALJ is responsible for determining credibility,
         resolving conflicts in medical testimony, and resolving
21       ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
         Cir. 1995).  The ALJ's determinations of law are reviewed
22       *de novo*, although deference is owed to a reasonable
         construction of the applicable statutes.  *McNatt v. Apfel*,
23       201 F.3d 1084, 1087 (9th Cir. 2000).

24       It is the role of the trier of fact, not this court, to resolve

25  conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence

26  supports more than one rational interpretation, the court may not

27  substitute its judgment for that of the Commissioner.  *Tackett*, 180

28

F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). If a claimant establishes she cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1497-98 (9th Cir. 1984). If a claimant cannot perform other work in

the national economy, she is disabled and eligible for benefits.  20 C.F.R. §§ 404.1520(g), 416.920(g).

### STATEMENT OF FACTS

Plaintiff was 51 years old at the time of the hearing.  She testified she was married, lived with her spouse, had a fifth grade education and past work experience as a fruit packer and laundry press operator.  She stated both jobs required her to be on her feet during eight to ten hours a day.  Tr. 29-31, 36.  Plaintiff testified she was fired from her last job at the laundry for missing work due to migraine headaches.  Tr. 32.  She stated she could no longer work due to migraine headaches, fatigue, and swelling in her feet.  Tr. 34.  She also reported she had become insulin dependent in the last six months.  Tr. 35.

### ADMINISTRATIVE DECISION

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the benefits application date. Tr. 13.  At step two, he found Plaintiff had the severe impairments of migraines, asthma, and obesity.  *Id.*  He found the following conditions referenced in the record and in Plaintiff's testimony were non severe as defined by 20 C.F.R. §§ 404.1520(a)(ii), .1509; 416.920(a)(ii), .909: sleep apnea; heart murmur; mixed hearing loss; gastric ulcer and GERD; hypertension; diabetes mellitus; and carpal tunnel.  Tr. 13-14.  At step three, he found Plaintiff's impairments alone or in combination did not equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings).  At step four, he determined Plaintiff had the residual functional capacity

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

(RFC) to perform work at the light work.[1] (Tr. 15.)  He defined light work as requiring the ability to: lift or carry 20 pounds occasionally and 10 pounds frequently; sit for six hours and stand or walk for six hours in an eight hour workday with the ability change positions between sitting and standing every one to two hours.  He also found she should never climb ladders, ropes, or scaffolds, avoid concentrated exposure to dust, fumes and odors; and avoid unprotected heights and machinery.  Tr. 15-16.  In step four findings, the ALJ found Plaintiff's subjective complaints of disabling symptoms were not credible.  Tr. 16-18.  Considering VE testimony, the ALJ found Plaintiff could still perform her past relevant work as an agricultural produce packer, which is classified as medium unskilled, but was performed by Plaintiff as light level work.  Tr. 19.  Because Plaintiff did not meet her burden at steps one through four, the ALJ found Plaintiff was not entitled to benefits under the Social Security Act.  *Id*.

## ISSUES

The question presented is whether there is substantial evidence

---

[1] The regulations define jobs at the light exertional level as those that require lifting no more than 20 pounds at a time with frequent lifting or carrying objects weighing up to 10 pounds, and a good deal of walking or standing.  Light work may also involve sitting most of the time, but with "some pushing and pulling of arm-hand or leg-foot controls."  *See* 20 C.F.R. §§ 404.1567(b), 416.967(b); *see also SSR* 83-10 (*Glossary*) ("relatively few unskilled light jobs are performed in a seated position").

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards.   Plaintiff contends the ALJ erred when: (1) he found Plaintiff's hearing loss and edema were non-severe at step two; (2) he improperly rejected the opinions of Plaintiff's treating physician; (3) he did not consider Plaintiff's impairments in combination at step four; and (4) he made insufficient step four findings regarding Plaintiff's past relevant work.   ECF No. 17.   Defendant argues the ALJ's decision is supported by substantial evidence and without legal error.   ECF No. 23.

**DISCUSSION**

**A.   Step Two**

Plaintiff argues the medical record establishes her diagnosed hearing loss and edema (caused by hypertension, diabetes,[2] and morbid obesity in combination) as severe impairments causing more than a slight abnormality on her ability to work.   ECF No. 17 at 14.

To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings.   20 C.F.R. §§ 404.1508, 416.908; *Taylor v.*

---

[2] In March 2009, Plaintiff testified she had been insulin dependent for six months and diabetes caused her feet to swell.   Tr. 35.   However, in finding diabetes mellitus a non-severe impairment, the ALJ correctly stated the medical record does not identify symptoms related to diabetes mellitus.   Tr. 14.   In any case, the effects of edema were discussed and evaluated during the ALJ's sequential evaluation.   Tr. 15, 18.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

1  *Heckler*, 765 F.2d 872, 876 (9th Cir. 1985).  The ALJ then determines

2  whether the medically determinable impairment significantly limits

3  her physical or mental ability to do basic work activities.  20

4  C.F.R. §§ 404.1520(c); 416.920(c).  The fact that a medically

5  determinable condition exists does not automatically mean the

6  symptoms are "severe," or "disabling" as defined by the Social

7  Security regulations.  *See, e.g., Edlund*, 253 F.3d at 1159-60; *Fair*

8  *v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d

9  1545, 1549-50 (9th Cir. 1985).  Severity cannot be established by a

10  claimant's subjective complaints alone.  *Bunnell v. Sullivan*, 947

11  F.2d 341, 347 (9th Cir. 1991).

12      Here, Plaintiff points to no evidence other than her discounted

13  testimony to support a finding that hearing loss and edema

14  significantly affected her ability to perform basic work activities

15  *SSR* 85-28.  The ALJ acknowledged that medical evidence established

16  moderate hearing loss in the right ear and profound hearing loss in

17  the left.  Tr. 14, 276.  However, that diagnosis alone does not

18  establish severity.  As found by the ALJ, Plaintiff failed to follow

19  up with a recommended evaluation for a hearing aid.  This is a

20  proper reason for discounting an allegation of severity.  *See Smolen*

21  *v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).  The ALJ also found

22  Plaintiff was able to follow a normal conversation during the

23  hearing and reasonably concluded Plaintiff's hearing impairment did

24  not have more than a minimal effect on her ability to perform work.

25  Tr. 14.  The inclusion of the ALJ's observations during the hearing

26  does not render his conclusion regarding severity improper.  *See*

27  *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).  The ALJ also

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

considered testimony from Plaintiff's sister in which she indicated Plaintiff did not need help with her daily activities, including shopping, church and socializing.  Tr. 18.  The ALJ could reasonably infer from these facts that the diagnosed hearing loss did not have more than a minimal effect on Plaintiff's functioning and was, therefore, not severe.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (2008)(ALJ may draw inferences logically flowing from evidence); *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

Finally, independent review of the record shows the audiology report identifying hearing loss is dated October 26, 2005, about one year before the alleged onset date.  As noted by the hearing specialist, Plaintiff reported "longstanding difficulty hearing," and testing indicated the hearing loss did not appear to be noise induced.  Tr. 276.  The medical evidence, including Plaintiff's self report, thus establishes Plaintiff had been working for several years with the hearing problem.

Regarding impairments causing edema, the ALJ specifically found uncontrolled hypertension caused edema, but by February 2008, (when Plaintiff was compliant with effective medication), the symptoms improved.  Tr. 14.  This finding is supported by the record in its entirety.  Medical records in July, September, and October 2007, report improved blood pressure and improved edema with medication. Tr. 252, 260, 261.  Even where blood pressure was not well controlled, treating physician Robert Krauth, M.D., observed "slight edema" in Plaintiff's right ankle.  Tr. 251.  In addition, referencing SSR 02-1p, the ALJ made extensive findings regarding the effects of obesity on Plaintiff's physical abilities and concluded

her obesity was a severe impairment. Tr. 13. He noted the limitations obesity may cause on existing impairments, but found in this case, no treatment provider opined that, even combined with other impairments, her weight resulted in limitations exceeding those in the final RFC. Tr. 17-18. As discussed below, the ALJ properly considered edema and reasonably restricted Plaintiff to six hours of standing in an eight-hour day with the ability to change from sitting and standing every one to two hours.

Plaintiff did not meet her burden to show that the identified medical impairment of hearing loss caused more than a minimal impairment to her ability to work. Consistent with *SSR* 02-1p, the ALJ properly considered the effects of edema (a symptom of hypertension) supported by the medical record and Plaintiff's credible self report and included restrictions in the final RFC to address Plaintiff's physical limitations. Because the ALJ's findings are supported by substantial evidence in the entire record, they will not be disturbed. 20 C.F.R. § 416.946(c)(determination of claimant's ability to perform basic work is the sole responsibility of the Commissioner); *Tackett*, 180 F.3d at 1097 (adjudicator's rational interpretation of the evidence is conclusive).

**B.   Evaluation of Limitations**

Plaintiff contends the ALJ's final RFC erroneously excludes limitations opined by Dr. Krauth. In addition, she argues the ALJ failed to consider her impairments in combination throughout the sequential evaluation process as required by the Regulations. ECF No. 17 at 16-17. These arguments are unpersuasive.

1          **1.   Dr. Krauth's Opinions**

2          Plaintiff appears to argue the ALJ erroneously rejected Dr.

3   Krauth's opinion that "it was better for her to sit and not be on

4   her feet." ECF No. 17 at 15-16; Tr. 263.  However, careful review

5   of the June 2007 clinic note shows this was a notation of

6   Plaintiff's self-reported symptoms before she was taking diuretics

7   and while she was gaining weight.  Tr. 263.  By July 7, 2007, Dr.

8   Krauth noted edema was better and Plaintiff was losing weight.  Tr.

9   262.  By October 26, 2007, Dr. Krauth noted Plaintiff was losing

10  weight and no longer taking medication for her edema because her

11  "feet are not swelling."  Tr. 260.  Nonetheless, the ALJ properly

12  considered the record in its entirety and reasonably limited

13  Plaintiff to light work (as compared to the medium level work she

14  was doing when she quit her last job) in which she could change

15  positions every one to two hours as an accommodation to episodic

16  edema.  Tr. 15-16.   Further, as found by the ALJ, neither Dr.

17  Krauth's records nor records from other providers, support a finding

18  that Plaintiff's symptoms preclude completely an ability to stand or

19  walk for six hours during an eight hour workday with the specified

20  accommodation.  Tr. 18.   *See Lingenfelter v. Astrue*, 504 F.3d 1028,

21  1044-45 (9th Cir. 2007)(ALJ not required to accept conclusory opinion

22  from treating source).

23          Regarding Plaintiff's contention that Dr. Krauth's conclusory

24  statement on a pre-printed Medical Questionnaire is sufficient to

25  establish the need to lie down for one and a half hours during the

26  work day, the ALJ gave specific and legitimate reasons for giving

27  this evidence little weight.  Tr. 192.  *Andrews,* 53 F.3d at 1043

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

1  (contradicted medical opinion can be rejected for "specific" and
2  "legitimate" reasons that are supported by substantial evidence in
3  the record).[3]   The relied upon evidence indicates that Dr. Krauth
4  "agree[d]" with Plaintiff's "self-reported need" to lie down for one
5  and a half hours during the workday due to the combined effects of
6  "diabetes mellitus, high blood pressure, asthma, sleep apnea,
7  depression, migraines, and the side effects of medications."   Tr.
8  18, 191-92.   Referencing specific evidence, the ALJ found the
9  opinion was not well supported by "medically acceptable clinical and
10 laboratory diagnostic techniques," and was inconsistent with other
11 substantial evidence in record.   Tr. 18.   In support of the little
12 weight given this evidence, the ALJ found (1) the record includes no
13 allegations of depression symptoms, (2) clinic notes established
14 hypertension was under control and edema was improved; and (3)
15 evidence shows that Plaintiff's fatigue was minimized when she began
16 using the prescribed C-PAP machine for sleep apnea.   Tr. 18, 188,
17 193, 195.   The ALJ's reasons for rejecting Dr. Krauth's opinions are
18 specific and legitimate.

19      It is also noted on review that the last report from Dr. Krauth
20 _____

21      [3] Dr. Krauth's opinions are contradicted by findings included
22 in the RFC Assessment by reviewing physician Charles Wolfe, M.D. In
23 December 2006, upon review of Dr. Krauth's medical reports, Dr.
24 Wolfe opined Plaintiff could perform light level work.   Dr. Wolfe
25 specifically noted that in March 2006, Dr. Krauth observed Plaintiff
26 could do her present work "without restrictions," when not
27 incapacitated by headaches (which were eventually improved with
28 medication).   Tr. 18, 170, 188.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

that is based on actual examination is dated January 3, 2007, well over a year before he signed the relied upon statement.   Tr. 189. The relied upon statement, thus, represents an opinion only as to the "reasonableness" of Plaintiff's assertion that she needs to lie down during the day.   It is not a medical opinion based on a contemporaneous examination or review of recent records by Dr. Krauth.

The ALJ's rejection of Dr. Krauth's brief, unsupported opinion regarding the reasonableness of Plaintiff's stated need to lie down during the workday is supported by specific and legitimate reasons and substantial evidence. *Lingenfelter,* 504 F.3d at 1044-45; *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002(*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

### 2.   Impairments in Combination

As discussed above, the ALJ found obesity is a severe impairment and made specific findings regarding the effects of obesity in combination with other impairments. Tr. 13, 15.   Based on evaluation of the entire record, he found that no treatment provider opined that, even combined with other impairments, Plaintiff's weight resulted in limitations exceeding those in the final RFC. Tr. 15, 17-18.   Other than her discounted testimony and medical opinions based on her discounted self-report, Plaintiff points to no evidence that contradicts the ALJ's findings.

### C.   Step Four: Past Relevant Work

Plaintiff argues the ALJ made insufficient findings to support his step four determination that Plaintiff could still perform her past relevant work as a fruit packer.   ECF No. 17 at 19-20.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

Although the burden of proof lies with the claimant at step four, the ALJ must make factual findings to support his conclusions. *SSR 82-62*. This is done by looking at the "residual functional capacity and the physical and mental demands" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920 (a)(4)(iv). At step four, the ALJ's decision must contain:

1. A finding of fact as to the individual's residual functional capacity;

2. A finding of fact as to the physical and mental demands of the past job/occupation; and

3. A finding of fact that the individual's residual functional capacity would permit a return to his or her past job or occupation. *SSR 82-62*. In assessing past relevant work at step four, the regulation provides that, "The claimant is the primary source for vocational documentation and statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work." *Id*.

As discussed above, the ALJ's evaluation of the medical evidence and RFC determination is a reasonable interpretation of the record, medical opinions supported by the evidence and Plaintiff's credible statements. Regarding the ALJ's past relevant work findings, the ALJ's decision and inferences drawn from his summary of the evidence satisfy the Commissioner's policy directive cited by Plaintiff.

*Finding number 1*: the ALJ's RFC determination indicates Plaintiff has the RFC to lift and carry up to 20 pounds occasionally

and 10 pounds frequently; sit and stand six hours each during an eight-hour work day with the option to change positions between sitting and standing every 1-2 hours; restrictions on exposure to dust, fumes and unprotected heights or machinery.  Tr. 15-16.  As discussed above, these findings are based on substantial evidence in the record, including Plaintiff's statements and third party observations.   Therefore, VE testimony based on this RFC is substantial evidence upon which the ALJ may rely.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

*Finding number 2*:  After discussing the evidence supporting this RFC and VE testimony regarding job classifications, the ALJ found Plaintiff's past work as a produce packer was unskilled and performed at a light exertional level.  Tr. 19, 44, 46.  In making this finding, the ALJ relied upon Plaintiff's own statements in her work history report, *see* Tr. 130 (maximum weight lifted was 10 pounds, standing the majority of the time, and postural requirements), and VE testimony that Plaintiff performed her past job at a light level.  Based on Plaintiff's description of her supervisory duties, the VE opined that as a supervisor she did not prepare reports or do any writing that required a higher level of skill.  Tr. 45.

*Finding number 3*: Based on VE testimony that the job classification of produce packer would allow an option to change positions every one to two hours, the ALJ rationally found Plaintiff could still do her past work, as performed, given limitations caused by her impairments in combination.  Tr. 19.

The ALJ's step four findings are supported by other evidence in

the record that was discussed by the ALJ in his decision. For example, the ALJ found the symptom severity claimed by Plaintiff was not supported by the medical evidence or the report completed by Plaintiff's sister, which was completed in October 2006 before Plaintiff was treated effectively for her migraines, asthma, and hypertension. Tr. 17, 18, 116, 120. In her written report, Plaintiff's sister observed no problems with activities of daily living, and testified Plaintiff was able to shop, drive, go out alone, and is social. Tr. 116, 120. Regarding the sister's observation that Plaintiff could only walk 2 blocks, the ALJ did not give this limitation weight because Plaintiff had not yet been treated for asthma and migraines, and there was no evidence that obesity prevented her from the walking/standing required to perform her past work. Tr. 18. These are legally sufficient reasons for rejecting a third-party, non-medical opinion. *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009)(reasons "germane" to lay witness required to reject testimony).

The ALJ's findings regarding Plaintiff's ability to perform past relevant work are supported by the record and adequately explained his step four conclusions. Viewing the record in its entirety, the ALJ did not err in finding those limitations supported by the record and Plaintiff's credible testimony would not prevent her from returning to her past work as a produce packer, as performed. Therefore, she is not entitled to Social Security disability benefits.

**CONCLUSION**

The Commissioner's denial of benefits is supported by substantial evidence and free of legal error.  Accordingly,

**IT IS ORDERED**:

1.   Plaintiff's Motion for Summary Judgment, **ECF No. 16,** is **DENIED.**

2.   Defendant's Motion for Summary Judgment dismissal, **ECF No. 22,** is **GRANTED.**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  The file shall be **CLOSED** and judgment entered for **Defendant.**

DATED November 14, 2012.


_____S/ CYNTHIA IMBROGNO_____
UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 16